UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-208-RJC

| | |
|---|---|
| IN RE: )<br>)<br>RICHARD P. MEABON AND EVELYN L. )<br>MEABON, )<br>)<br>        Debtors. )<br>_____ )<br>)<br>RICHARD PAUL MEABON, AND MARTHA )<br>MEDLIN, in her capacity as Trustee under )<br>that Certain Trust Agreement of Raymond B. )<br>Meabon and Nancy E. Meabon dated )<br>May 10, 1991, )<br>)<br>        Appellants, )<br>)<br>        v. )<br>)<br>R. KEITH JOHNSON, Trustee for the )<br>Bankruptcy Estate of Richard P. Meabon )<br>and Evelyn L. Meabon, )<br>)<br>        Appellee. )<br>_____ ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

**THIS MATTER** comes before the Court on Appellants' Notice of Appeal from Bankruptcy Court, (Doc. 1), Appellants' Brief, (Doc. 4), and Appellee's Motion to Dismiss, (Doc. 6). It is ripe for review.

**I.**     **BACKGROUND**

On February 23, 2010, Richard Meabon and Evelyn Meabon (debtors) filed a voluntary Chapter 7 case (No: 10-30455) in the Bankruptcy Court of this district. On June 11, 2010, the Bankruptcy Court granted discharge under 11 U.S.C. § 727 (the Bankruptcy Code). However, on April 8, 2014, the Bankruptcy Court revoked Richard Meabon's Discharge. Thereafter, Appellants appealed the Bankruptcy Court's Order Revoking Discharge. (Docs. 1, 1:1).

Appellee has filed a motion to dismiss as frivolous Appellants' appeal, which this Court now reviews. (Doc. 6).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. A bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. In re J.A. Jones, Inc., 492 F.3d 242, 249 (4th Cir. 2007). Findings of fact are clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In re Weiss, 111 F.3d 1159, 1166 (4th Cir. 1997). "Stated differently, a choice between two permissible views of the evidence cannot be clearly erroneous," 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 52.31[1] (3d ed. 1997), and "so long as the trial court's factual finding is plausible, the appellate court *may not* reverse it." 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 206.03[4] (3d ed. 1997); see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985).

Under rule 9011 of the Federal Rules of Bankruptcy Procedure, the Court may dismiss a claim as frivolous if the allegations and other factual contentions don't have evidentiary support and, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, (FED. R. BANKR. P. 9011(b)(3)), or if the denials of factual contentions are not warranted on the evidence, or, if specifically so identified, are not reasonably based on a lack of information or belief. FED. R. BANKR. P. 9011(b)(4). See Law v. Siegel, 134 S.Ct. 1188, 1198 (2014) (noting that rule 9011 is "bankruptcy's analogue to Civil Rule 11"). "An appeal is frivolous when the result is obvious or when the appellant's

argument is wholly without merit." In re Lapke, 428 B.R. 839, 844 (B.A.P. 8th Cir. 2010) (internal citation omitted).

## III. ANALYSIS

### A. Findings of Fact

The Bankruptcy Judge made several findings of fact, stated hereafter. On February 23, 2010, Richard Meabon and Evelyn Meabon filed a voluntary Chapter 7 bankruptcy case, and Keith Johnson was appointed Trustee. (Doc. 1:1 at 2). Prior to filing bankruptcy, the Meabons consulted with attorney Rick Mitchell who informed them that they would need to disclose, as an asset in his bankruptcy schedules, Richard Meabon's interest in a trust formed by his parents on October 1, 1985, (the 1985 trust). (Id.). As a result of Mr. Mitchell's advice, they chose not to hire him as their bankruptcy attorney. (Id.).

Next, the Meabons consulted with Martin Hunter, another bankruptcy attorney. During the consultation, the Meabon's declined to mention Richard Meabon's interest in the 1985 Trust because Mr. Meabon decided, notwithstanding Mr. Mitchell's advice, that the 1985 Trust was not an asset.[1] He feared that if disclosed, he might lose his Trust interest in bankruptcy. (Doc. 1:1 at 2-3). As a result, Mr. Hunter filed the Debtors' bankruptcy case absent knowledge of Richard Meabon's interest in the 1985 Trust. (Doc. 1:1 at 3). Consequently, the Meabons' original bankruptcy schedules did not disclose this interest, despite the requirement in Section 20 of Schedule B that a debtor list any contingent and noncontingent interests in a trust. Furthermore, Richard Meabon did not correct this omission during his testimony at his Section 341 Creditors meeting on March 31, 2010; nor did he amend his schedules to correct the omission. (Id.)

---

[1] The Court has since held that "the vested interest [in the 1985 Trust] of Richard Meabon became property of the bankruptcy estate upon the filing of his bankruptcy claim. . . ." In re Meabon, No. 3:13-cv-317-RJC, 2014 WL 1309093, at *6 (W.D.N.C. March 28, 2014).

With the Trustee and creditors unaware of Richard Meabon's trust interest, the June 1, 2010 deadline to object to discharge passed without incident. (Id.). Then, on June 2 or 3, Mr. Mitchell e-mailed Mr. Hunter alerting him to the existence of the 1985 Trust, and, over the objections of his client, Mr. Hunter alerted the Trustee to Richard's interest in the 1985 Trust. (Id.) Meanwhile, the Clerk processed the Debtor's discharge, which was entered on June 11, 2010. (Id.).

On June 21, 2010, the Meabons amended Schedule B to disclose the interest. (Id.). With knowledge of the existence of this interest, the Trustee obtained a copy of the 1985 Trust document, which indicated that Richard Meabon held a vested remainder interest in an irrevocable trust. (Id.). Mr. Meabon informed the Trustee that Richard Meabon's sister, Martha Medlin, was the Trustee under the 1985 Trust, and the Bankruptcy Trustee received from her a statement of the trust assets showing that the trust held stocks valued at the petition date in excess of $350,000. (Doc. 1-1 at 3-4).

These findings of fact are largely undisputed, and have been covered in previous orders from this Court. (See In re Meabon, 2014 WL 1309093 at * 2-3). Appellants contend that the Bankruptcy Judge erred because the "only logical and realistic conclusion is that the Trustee had to have known about the trust and acquired all, or at least some, of th[e] detailed information [about] [the] [trust] prior to June 1, 2010." (Doc. 4 at 6). Appellants base their contention on two letters drafted by the Bankruptcy Trustee on June 3, 2010, to Ms. Medlin and Mr. Hunter, wherein the Trustee evinces knowledge of the 1985 Trust's existence and amount and Richard Meabon's vested remainder interest in the Trust, in addition to rejecting a settlement offer of $10,000 for the Debtor's interest in the trust corpus from the Debtors. (Doc. 4 at 5). Appellants

4

argue that the Trustee could not have drafted two separate letters and gained such knowledge about the 1985 Trust within two days. (Doc. 4 at 5-6).

Appellants' argument is wholly without merit and lacks evidentiary support. The essence of Appellants' argument is that the Bankruptcy Trustee could not have accomplished the aforementioned tasks in a matter of two days. 11 U.S.C. § 704(1) requires "the bankruptcy trustee to balance the need for expeditious conduct against the 'best interests of parties in interest.'" In re Hutchinson, 5 F.3d 750, 754 (4th Cir. 1993). Neglecting to do such could result in liability for the Bankruptcy Trustee. Id. at 757 (noting that "[t]he basis for holding bankruptcy trustees liable is the equitable power of courts to enforce fiduciary duties") (citations omitted). It therefore follows as a reasonable inference that, confronted with a previously undisclosed trust of substantial size, a Bankruptcy Trustee would act quickly to exercise due diligence about the matter. Here, there is no evidence that the Trustee did otherwise: he drafted two letters to gain additional information about the Trust and rejected a $10,000 offer for the interest in the trust corpus for a trust that valued in excess of $350,000.

Based on the foregoing, the Bankruptcy Judge did not commit clear error in holding that even though "[i]t is unclear when exactly the Trustee learned of the trust . . . both parties agree that it was after June 1, 2010 and likely before June 11, 2010." (Doc. 1:1 at 8). There is no evidence to dispute call into questions the actions of the Trustee. Accordingly, the preponderance of the evidence supports the Bankruptcy Judge's finding that the discharge was obtained by fraud insofar as the Appellant failed to disclose the existence of the 1985 Trust within the appropriate time to do so.

Conclusions of Law

5

11 U.S.C. § 727(d)(1) provides that a discharge shall be revoked if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." It is undisputed that Richard Meabon obtained his discharge through fraud. (Doc. 1:1 at 11) (the Bankruptcy Judge found that Richard Meabon "willfully made several false oaths under §727(a)(4) by failing to list his interests in the 1985 and 1991 Trusts").

## IV.   CONCLUSION

In light of the applicable and rigorous clearly erroneous standard and a lack of evidentiary support for Appellants' argument, the Court finds Appellants' argument frivolous and finds that the revocation of discharge by the bankruptcy court was proper.

**IT IS, THEREFORE, ORDERED** that:

1. Appellee's Motion to Dismiss (Doc. 6) is **GRANTED** and this case is **dismissed with prejudice**.

2. The clerk of court is directed to close this case.

Signed: July 30, 2014

Robert J. Conrad, Jr.
United States District Judge